UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAELITE CHURCH OF GOD IN JESUS CHRIST, INC., | |
| Plaintiff, | Civil Action No. 11-5960 (SRC) |
| v. | |
| | **OPINION & ORDER** |
| CITY OF HACKENSACK et al., | |
| Defendants. | |

**CHESLER**, U.S.D.J.

This matter comes before this Court on the motion for reconsideration by Defendants Alighieri Borrelli, City of Hackensack, and Joseph Mellone (collectively, "Defendants") seeking reconsideration of this Court's Opinion and Order entered on August 9, 2012. For the reasons stated below, the motion will be denied.

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. CIV. R. 7.1(i).

Defendants move for reconsideration with two main arguments: 1) the decision to sustain Plaintiff's claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, is contrary to controlling case law; and 2) the application of the continuing violations theory to the free exercise claims is contrary to controlling case law.

As to the RLUIPA issue, Defendants do not demonstrate that any of the conditions for reconsideration has been met. Instead, Defendants repeat their arguments that any potential RLUIPA claim was mooted by the Zoning Board's eventual approval of the permit. The Opinion and Order of August 9, 2012 considered in detail Defendants' arguments on this point, but the Court was not persuaded by them. Defendants' reconsideration brief argues that "challenges to land use decisions alleging discriminatory implementation of zoning regulations in violation of the RLUIPA arise only out of a final decision <u>denying</u> the requested use." (Defs.' Br. 6.) This Court considered this argument when Defendants first made it, and explained in the Opinion its understanding of the relevant cases, notably <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 186 (1985) and <u>Murphy v. New Milford Zoning Comm'n</u>, 402 F.3d 342, 348 (2d Cir. 2005), as well the non-precedential decision in <u>Congregation Anshei Roosevelt v. Planning & Zoning Bd.</u>, 338 Fed. Appx. 214 (3d Cir. 2009). On reconsideration, Defendants have not pointed to any controlling authority that this Court overlooked.

Defendants next argue that this Court's decision improperly elevates Borrelli to the position of a policymaker for the city. Here, Defendants do not even assert that a condition for reconsideration has been met: they just argue that the Court's decision is wrong. To the extent that this argument is corollary to the argument about finality of decisions, it has just been dealt with. To the extent that Defendants raise a new argument based on § 1983 jurisprudence, this is entirely new argument and not appropriate to raise for the first time on a motion for reconsideration.

As to the continuing violations issue, Defendants argue that controlling authority does not allow application of a continuing violations theory to free exercise claims, and points to two non-

precedential Third Circuit cases.  Defendants are correct that, in Hunt, the Third Circuit stated: "neither this Court nor the Supreme Court has ever applied the continuing violation doctrine outside of the employment discrimination context."  Hunt v. Pa. Dep't of Corr., 289 Fed. Appx. 507, 509 (3d Cir. 2008).   Defendants try to make this statement mean more than it says.  Defendants fail to mention that, one sentence later, the Third Circuit stated: "Furthermore, we hold that, even if we were to assume that the continuing violation doctrine did apply here, Hunt would not be entitled to relief."  Id.  What this suggests is that, while this panel believed that neither the Third Circuit nor the Supreme Court had yet applied the continuing violation doctrine outside of the employment discrimination context, this Third Circuit panel viewed it as potentially legally viable.

> Furthermore, there is Third Circuit authority that shows that Defendants are wrong:

> The continuing violations doctrine has been most frequently applied in employment discrimination claims.  However, this has not precluded the application of the doctrine to other contexts. *See Brenner*, 927 F.2d 1283 (applying the doctrine to a claim brought under the National Labor Relations Act); *Centifanti v. Nix*, 865 F.2d 1422, 1432-33 (3d Cir. 1989) (applying the doctrine to a procedural due process claim brought under § 1983).

Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (some citations omitted).  Defendants have failed to persuade this Court that there is controlling authority which bars application of the continuing violations theory to a free exercise claim.

> The motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 17th day of December, 2012

**ORDERED** that Defendants' motion for reconsideration (Docket Entry No. 86) is **DENIED**.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.
