<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
               :
ISRAELITE CHURCH OF GOD IN     :
JESUS CHRIST, INC.,            :
               :
     Plaintiff,         :     Civil Action No. 11-5960 (SRC)
               :
         v.          :
               :     **OPINION & ORDER**
CITY OF HACKENSACK et al.,     :
               :
     Defendants.       :
_____:

<u>**CHESLER**</u>, **U.S.D.J.**

      This matter comes before the Court on the motion to dismiss the Third Amended

Complaint for failure to state a valid claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants

Stephen Lo Iacono, Richard Malagiere, and Joseph Zisa, Jr. (collectively, "Defendants").  For the

reasons stated below, the motion to dismiss will be granted.

      In the Order entered June 11, 2012, this Court dismissed without prejudice all claims

against these three Defendants, and subsequently granted leave to Plaintiff to file an amended

complaint against them; Plaintiff then filed the Third Amended Complaint ("TAC").  Defendants

now move to dismiss the TAC.

      This Court has stated the background to this case in previous Opinions and Orders, but

notes that the TAC alleges that Defendants Richard Malagiere and Joseph Zisa, Jr. (the

"Attorneys") are private attorneys who have represented Defendants the City of Hackensack and

the City of Hackensack Zoning Board.  The TAC alleges that Stephen Lo Iacono is city manager

for Defendant the City of Hackensack.

As to Lo Iacono, Malagiere, and Zisa, the TAC pleads virtually no new facts, compared to the Second Amended Complaint. As this Court found with the Second Amended Complaint, the TAC makes conclusory assertions about the conduct of these Defendants, and even those conclusory assertions are pled speculatively. For example, the TAC states: "Lo Iacono was aware, or should have been aware, of the state court litigation. . ." (TAC ¶ 94.) This is speculation, not an allegation of a fact.

Even treating Plaintiff's speculative pleading as if it contained specific factual assertions, and reading the TAC in the light most favorable to Plaintiff, the TAC fails to state any valid claim against the Attorneys. Plaintiff alleges that the Attorneys knew about the alleged religious discrimination against Plaintiff, but failed to act to stop it, and thus colluded in it. The legal problem, as Plaintiff appears to recognize, is that the Attorneys are not employees of the municipal Defendant: how, then, could they have RLUIPA liability? Plaintiff's opposition brief argues that the Attorneys had ethical duties under New Jersey's Rules of Professional Conduct. The RPCs do not provide a basis for civil liability under RLUIPA, or anything else, for that matter. If Plaintiff's theory were legally valid, attorneys would be civilly liable for all the statutory infractions committed by their clients that they might have prevented but didn't. Furthermore, New Jersey law does not support a civil cause of action for a violation of the RPCs. Baxt v. Liloia, 155 N.J. 190, 198 (1998). Because the TAC alleges only that two private attorneys failed to stop the statutory infractions of their clients while engaged in the practice of law, Plaintiff has shown no legal basis for any claim that they are civilly liable for the statutory violations of their clients. The claims against the Attorneys will be dismissed.

Lo Iacono, on the other hand, is alleged to be the city manager, a municipal employee. The

TAC seeks to hold him liable on a failure to supervise theory, alleging that he knew or should have known about the 2007 litigation and is liable for the statutory infractions of the municipal employees under his supervision. This Court addressed the question of RLUIPA claims against municipal officials in their personal capacities in the Opinion & Order entered August 9, 2012, and held: "In the absence of any controlling or other appellate authority on this question, this Court finds the relevant RLUIPA provision similar to § 1983, which has been held to allow actions against officials in their personal capacities." (Opinion & Order of August 9, 2012 at 10.) In its opposition brief, Plaintiff proceeds on a legal theory[1] that applies the law of § 1983 to this claim against Lo Iacono under RLUIPA, contending that it has pled a valid failure to supervise claim under Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999), which states: "[L]iability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." In Carter, the Third Circuit adopted the Second Circuit's three-part test for deliberate indifference:

> [I]n order for a municipality's failure to train or supervise to amount to deliberate indifference, it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.

Id.

Plaintiff has overlooked the Third Circuit's requirements for finding supervisory liability

---

[1] Plaintiff's opposition brief also also argues that Lo Iacono is "the alter ego of the city" and is therefore liable under respondeat superior. Plaintiff offers no legal basis for this theory, nor does this Court understand what Plaintiff is getting at – a respondeat superior theory ought to seek to hold the employer liable for the conduct of its employee. It does not provide a basis to find one employee liable for the conduct of another. The city manager is not the same entity as the City of Hackensack, nor is he the employer.

for deliberate indifference:

> In <u>Sample v. Diecks</u>, 885 F.2d 1099, 1118 (3d Cir. 1989), this court identified the elements of a supervisory liability claim. The plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure. We emphasized that "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did." <u>Sample</u>, 885 F.2d at 1118. Rather, the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a "relationship between the 'identified deficiency' and the 'ultimate injury.'" <u>Id.</u>

<u>Brown v. Muhlenberg Twp.</u>, 269 F.3d 205, 216 (3d Cir. 2001). The TAC does not plead sufficient facts to support these elements of a claim against Lo Iacono. Plaintiff has failed to identify specific acts or omissions in the TAC and, even more saliently, has failed to plead facts to support the fifth element, that "the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Here, Plaintiff has done no more than argue that the injury would not have occurred if the supervisor had done more than he did – which the Third Circuit expressly held to be insufficient in <u>Sample</u>. The TAC fails to plead sufficient facts to support a claim that Lo Iacono is liable for failure to supervise Borelli and Mellone. The claims against Lo Iacono will be dismissed.

This is now the second time that this Court has granted Defendants' motion to dismiss the claims against Defendants Lo Iacono, Malagiere, and Zisa. The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." <u>New York v. Hill</u>, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be

4

inequitable or futile. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). This Court concludes

that Plaintiff is unable to provide any further factual allegations to support claims against these

three Defendants, and that further amendment of the Third Amended Complaint is futile. The

motion to dismiss will be granted in its entirety, and, as to Defendants Lo Iacono, Malagiere, and

Zisa only, the Third Amended Complaint will be dismissed with prejudice.

     Defendants move for sanctions against Plaintiff, suggesting that its attempt to remedy the

defects of the Second Amended Complaint when it filed the TAC amounts to a frivolous filing

under Rule 11. This Court does not find that the filing of the TAC, for which leave was granted,

was sanctionable conduct. It merited dismissal of some claims with prejudice, but not sanctions.

     For these reasons,

     **IT IS** on this 15th day of July, 2013,

     **ORDERED** that Defendants' motion to dismiss the Third Amended Complaint for

failure to state a valid claim (Docket Entry No. 118) is **GRANTED**, and, as to Defendants Lo

Iacono, Malagiere, and Zisa only, the Third Amended Complaint is hereby **DISMISSED** with

prejudice.

   s/ Stanley R. Chesler   
Stanley R. Chesler, U.S.D.J.
